**MARJAM SUPPLY COMPANY, INC., Petitioner**

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent**

**International Brotherhood of Teamsters, Local Union No. 863, Intervenor.**

Nos. 06–1070, 06–1109.

United States Court of Appeals, District of Columbia Circuit.

Jan. 12, 2007.

Gary Dennis Melchionni, Stevens & Lee PC, Lancaster, PA, for Petitioner.

Jill A. Griffin, Attorney, Aileen A. Armstrong, Deputy Associate General Counsel, Amy Helen Ginn, National Labor Relations Board, Washington, DC, for Respondent.

Paul L. Kleinbaum, Zazzali, Zazzali, Fagella & Nowak, Newark, NJ, for Intervenor.

Before: ROGERS, BROWN and GRIFFITH, Circuit Judges.

## *JUDGMENT*

PER CURIAM.

The petition for review and cross-application for enforcement of an order of the National Labor Relations Board was presented to the court and briefed by the parties. The court has accorded the issues full consideration and has determined that they do not warrant a published opinion. It is

**ORDERED** and **ADJUDGED** that the petition for review be denied, and that the cross-application for enforcement be granted.

Marjam Supply Company, Inc. is a building materials supplier with facilities throughout the United States. It operates a fleet of around 350 vehicles, including cranes, flat bed trucks, forklifts, and tractor trailers. In July 2002, Marjam opened a facility in Hillside, New Jersey to handle preventative maintenance and repair work on its vehicles; it later began delivering building supply equipment to its customers from Hillside. Nine truck drivers and four mechanics work at the Hillside facility.

After the Board's Regional Director approved the International Brotherhood of Teamsters, Local 863's petition to represent the truck drivers at the Hillside facility, and the Board declined, in the absence of substantial issues, to review the decision, the Union won the election. When Marjam refused to negotiate, the Union filed an unfair labor charge. The Board ruled that Marjam had violated Sections 8(a)(1) and 8(a)(5) of the National Labor Relations Act, 29 U.S.C. §§ 158(a)(1); (a)(5), and ordered Marjam to bargain with the Union. Marjam petitions for review on the grounds that it had no obligation to bargain with the Union because

the drivers-only bargaining unit does not constitute an appropriate unit and the certification was unsupported by substantial evidence; Marjam maintains that the mechanics should have been included in the bargaining unit. The facts are undisputed and the legal principles are well settled.

The Supreme Court has acknowledged that "[t]he issue as to what unit is appropriate for bargaining is one for which no absolute rule of law is laid down by statute, and none should be by decision." *Packard Motor Car Co. v. NLRB,* 330 U.S. 485, 491, 67 S.Ct. 789, 91 L.Ed. 1040 (1947). This is because the Board's determination of an appropriate unit "involves of necessity a large measure of informed discretion, and [consequently] the decision of the Board ... is rarely to be disturbed." *Id.; see also Country Ford Trucks, Inc. v. NLRB,* 229 F.3d 1184, 1189 (D.C.Cir.2000). In bargaining-unit cases, "the Board's duty is to choose an appropriate unit, and it may select among several appropriate ones." *Local 627, Int'l Union of Operating Eng'rs., AFL–CIO v. NLRB,* 595 F.2d 844, 848 (D.C.Cir.1979) (citation omitted). Recognizing that the court must avoid "substitut[ing] its own judgment for a rationally supported position adopted by the Board," *Country Ford Trucks,* 229 F.3d at 1189, this court has stated that "[o]nly those unit determinations that are truly inappropriate will be struck down." *Id.* However, "[a] bargaining unit determination will not stand if [it is] arbitrary," *Cleveland Constr., Inc. v. NLRB,* 44 F.3d 1010, 1014 (D.C.Cir.1995), and the Court will uphold only a Board's unit determination that is "consistent with its precedent, [with] factual findings[ ] supported by substantial evidence," *RC Aluminum Indus., Inc. v. NLRB,* 326 F.3d 235, 240 (D.C.Cir. 2003).

The Board, when considering whether a unit is "appropriate," focuses its inquiry on whether the employees share a "similarity of function and skills [that] create a community of interest." *Int'l Bhd. Of Elec. Workers v. NLRB,* 814 F.2d 697, 703 n. 15 (D.C.Cir.1987). The Board groups together "only employees who have substantial mutual interests in wages, hours, and other conditions of employment." *Id.* Its procedure for determining an appropriate unit is to examine first the petitioned-for unit; if that unit is appropriate, the Board's inquiry ends. *In re Boeing Co.,* 337 N.L.R.B. No. 24, 2001 WL 1693817 (2001).

Here, the Board noted several key distinctions between the truck drivers and mechanics at the Hillside facility that made it appropriate to have a drivers-only bargaining unit. As the Board emphasized in its certification decision, these differences included significant disparities in job functions, skills, working conditions, qualifications, training, and wages between drivers and mechanics. The Board also concluded that the weight of the evidence did not support a finding of functional integration between the drivers and mechanics: Mechanics spent only 10 percent of their time on the road, and less than that with the drivers; drivers only rarely helped mechanics with their assigned tasks. In addition to the infrequency of job interchange, the Board also noted that there was no sustained or significant contact between drivers and mechanics during their work, notwithstanding the existence of some functional integration between their duties. As the Union, as intervenor, puts it, the drivers (who are heavily regulated by the Department of Transportation) drive and deliver; the mechanics (who are not so regulated) repair equipment. The Union also emphasizes that, with no previous bargaining history among the employees at Hillside, it sought only to represent a union of truck drivers.

The record bears out these factual determinations, and, contrary to Marjam's contention, the Regional Director's certification decision provided adequate explanation of the Board's reasoning. Further, although Marjam claims otherwise, the Board's decision is in accord with its precedent, *see Mc–Mor–Han Trucking Co., Inc.*, 166 N.L.R.B. 700, 1967 WL 19004 (1967); the courts have repeatedly upheld the Board's determination that a unit of drivers is an appropriate unit where the Union, as here, sought such a unit based on the drivers' substantial community of interest. *See* Respondent's Br. at 22 (citing cases). The cases Marjam cites do not require a different result. Hence, the Board notes, Marjam's challenge "is little more than a thinly veiled assertion that a unit consisting of its drivers and mechanics would be a *more* appropriate unit," *id.* at 23, which, even if true, would not present grounds for disturbing the Board's unit determination, *see Country Ford Trucks*, 229 F.3d at 1189.

Accordingly, given the large degree of discretion granted the Board to determine what is an appropriate bargaining unit, the record evidence, and the fact that the Board's decision comports with its precedent, we deny the petition and grant the Board's cross-application for enforcement of its order.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.